David L. Hoffman, Esq., No. 143,474
LAW OFFICES OF DAVID L. HOFFMAN
28494 Westinghouse Place, Suite 204
Valencia, California 91355
Telephone:  (661) 775-0300
Telefax:  (661) 775-9423

NOTE: CHANGES MADE BY THE COURT

Attorneys for Plaintiff,
   South Coast Winery, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DIVISION OF CALIFORNIA

| | |
|---|---|
| SOUTH COAST WINERY, INC. A California Corporation, <br> Plaintiff, <br><br> vs. <br><br> MARK CARTER and CHRISTY CARTER, both individuals, <br> Defendants. <br><br> _____ | **CASE NO. 08-CV-03269 CAS (RCx)** <br><br> **PROTECTIVE ORDER OF CONFIDENTIALITY** <br><br> **Date:** <br> **Time:** <br> **Courtroom: Hon. Rosalyn M. Chapman, Magistrate Judge** <br><br> NOTE: CHANGES MADE BY THE COURT |

The parties, Plaintiff South Coast Winery, Inc. ("SCW") and Defendants Mark Carter and Christy Carter ("Defendants") have met and conferred, by and through their counsels of record, as to the need for a protective order for their confidential business information.  Both parties have various business information, which constitute trade secrets in that they are not publicly or widely known, and each of the parties derives economic benefits from its trade secret information.

The trade secret information associated with their respective businesses, includes but is not necessarily limited to, sales, marketing plans, customer names, mailing lists, business strategy, plans for expansion, financial information, vendor information, formulas, and other business information.  Accordingly, the type of documents that would be subject to the protective order include but are not necessarily limited to:

Sales receipts, shipping information, customer lists, mailing lists, marketing plans, documents discussing business expansion if any, financial documents, invoices, purchase orders, trademark searches, trademark licenses, vendor lists, wine formulas, proposed trademarks, proposed trade dress, and/or documents containing proposed new products and/or proposed new services.

In connection with discovery proceedings in this action, the parties may designate any document, thing, material, testimony or other information derived therefrom, as "Confidential" under terms of this Stipulated Protective Order (hereinafter "Order"). Confidential information is information which has not been made public and which concerns or relates to the processes, operations, type or work, or apparatus, or to the production, sales, marketing information and strategies, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures of any persons, firm, partnership, corporation, or other organization, the disclosure of which information may have the effect of causing harm to the competitive position of the person, firm, partnership, corporation, or to the organization from which the information was obtained.

By designating a document, thing, material, testimony or other information derived therefrom as "confidential," under the terms of this order, the party making the designation is certifying to the court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rules of Civil

Procedure 26(g).

Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL". Stamping the legend "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

Testimony taken at a deposition, conference, hearing or trial may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose. Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

(a) a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

(b) experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

(c) court reporter(s) employed in this action;

(d) a witness at any deposition or other proceeding in this action; and

(e) any other person as to whom the parties in writing agree.

Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Order and shall execute a non-disclosure agreement in the form of Attachment A, a copy of which shall be provided forthwith to counsel for each other party and for the parties.

Depositions shall be taken only in the presence of qualified persons.

The parties may further designate certain discovery material or testimony of a highly confidential and/or proprietary nature as "CONFIDENTIAL--ATTORNEY'S EYES ONLY" (hereinafter "Attorney's Eyes Only Material"), in the manner described above. Attorney's Eyes Only Material, and the information contained therein, shall be disclosed only to the Court, to counsel for the parties (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" listed above, but shall not be disclosed to a party, or to an officer, director or employee of a party, unless otherwise agreed or ordered. If disclosure of Attorney's Eyes Only Material is made pursuant to this paragraph, all other provisions in this order with respect to confidentiality shall also apply.

Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

If Confidential Material, including any portion of a deposition transcript designated as Confidential or Attorney's Eyes Only, is included in any papers to be filed in Court, such papers shall be labeled "Confidential-- Subject to Court Order" and filed under seal until further order of this Court, pursuant to Local Rule 79-5.

In the event that any Confidential Material is used in any court proceeding in this action, the party using such shall take all reasonable steps to maintain its confidentiality during such use.

This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court under FRCP 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

## CHALLENGING CONFIDENTIALITY

Any party challenging the confidentiality status of another party's document, must follow the procedures of Central District Local Rule 37, including requesting a prefiling conference in writing, setting forth the nature of the challenge and any dispositive authority, and the opposing party must confer with the challenging party within ten days of the date of the letter. All of the other procedures of Local Rule 37 also apply, including a joint stipulation, with the issues in dispute, and the contentions of each of the parties. The burden of proof is on the party challenging the designation to show that the document is not confidential.

## EFFECT OF LOCAL RULE 79-5

When documents that have been designated as "confidential" or "confidential attorneys eyes only" hereunder are to be filed in Court, they shall be submitted in accordance with Local Rule 79.5, namely, the original and judge's copy of the document shall be sealed in separate envelopes with a copy of the title

page attached to the front of each envelope. The material to be placed under seal, shall not be electronically filed but shall be filed manually in the manner prescribed by Local Rule 79-5. A Notice of Manual Filing shall also be electronically filed identifying materials being manually filed.

No sealed or confidential record of the Court maintained by the Clerk shall be disclosed except upon written order of the Court.

Any application for disclosure of sealed or confidential court records shall be made to the Court in writing and filed by the person seeking disclosure. The application shall set forth with particularity the need for specific information in such records.

MISCELLANEOUS

This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public.

Upon termination of this case, counsel for the parties shall assemble and return to each other all documents, material and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof.

IT IS SO ORDERED, as modified by the Court.


Dated: 10/10/08                          /s/ ROSALYN M. CHAPMAN

                                         Honorable Rosalyn M. Chapman

                                         United States Magistrate Judge

7

Stipulated and submitted by:

Dated October 6, 2008

LAW OFFICES OF DAVID L. HOFFMAN

 By:_____/s/ David L. Hoffman

David L. Hoffman

Attorneys for Plaintiff, South Coast Winery, Inc.


DICKENSON PEATMAN & FOGARTY

By:_____/s/ J. Scott Gerien_____

J. Scott Gerien

Attorneys for Defendants Mark & Christy Carter

8